Grafton,
Apr. 3, 1951. } No. 3962.

DRAPER CORPORATION *v.* JOHN W. PITMAN.

*Hazen K. Sturtevant,* for the plaintiff, furnished no brief.

*Donald W. Cushing,* for the defendant, furnished no brief.

DUNCAN, J. It is not disputed that the defendant cut certain trees upon land in Alexandria and that the trees had a value substantially equivalent to the amount of the verdict. The issue tried was whether the tract upon which the trees were cut belonged to the plaintiff or the defendant.

In 1946 the plaintiff was deeded a tract of land in Alexandria "known as the Charles Cloutman piece," containing fifty acres more or less. This tract was bounded "northerly by land formerly of J. S. Chapman; easterly by land now or formerly of H. E. Hutchins; southerly by land formerly of O. S. Gale; and westerly by land of C. N. B. Cloutman." According to an abstract of title received in evidence, this description appears to have originated in 1903 in the conveyance of an undivided half interest by Ambrose L. Cloutman to C. N. B. Cloutman. Earlier deeds in the abstract tend to indicate that the plaintiff's tract was a part of a hundred acre tract conveyed by Charles Cloutman in 1875. The larger tract was bounded on the north by land of Bailey.

According to the plaintiff's evidence, the "J. S. Chapman lot" which bounds the plaintiff's land on the north is a tract about equal in size to the Cloutman lot, and is in turn bounded on the north by the Bailey property. There was testimony by a life resident of Alexandria that the Chapman lot is a "cut over lot," north of the Cloutman lot.

In 1934 the defendant acquired title to a fifty acre tract by deed of Sevigny and Nixon. His deed describes the tract as bounded upon the north by the Bailey farm, on the east by Hutchins land, and at the southwest corner by land of Brock. The description does not name the owner of the tract bounding it upon the south. According to the defendant's abstract the description originated with a deed to Jonathan S. and Mary E. Chapman in 1873. The

tract is identified by the plaintiff as the J. S. Chapman lot which bounds the plaintiff's lot on the north.

There was evidence which tended to show that the defendant's grantors cut over a lot prior to their conveyance to the defendant. The defendant conceded that the lot which he purchased was "supposed to be a cut over lot" of fifty acres, but asserted that the deed did not in fact convey the lot which his grantors cut over. He offered evidence tending to prove that the "land formerly of O. S. Gale," which the plaintiff's deed describes as bounding on the south the land conveyed to the plaintiff, was acquired by Samuel Belinsky in 1929 by deed describing the premises thereby conveyed as bounded on the north by "lands of J. S. Chapman," as well as lands of certain others who were predecessors in title of the plaintiff. On a basis of this reference to Chapman, the defendant claims that the land which adjoins the Belinsky or Gale property on the north is the land which he acquired from Sevigny and Nixon, and not the land described in the deed to the plaintiff. Upon cross-examination, he testified that the owner of the Bailey land, which according to the description in the defendant's deed bounds his property on the north, notified him that land which he suggested might be the Chapman lot, was in fact the Bailey land.

The evidence warranted the finding implied in the verdict that the cutting took place upon land of the plaintiff and not of the defendant. The motion for a nonsuit was therefore properly denied. *Morin* v. *Hood,* 96 N. H. 485; *Lyman* v. *Brown,* 73 N. H. 411.

The defendant called as a witness a civil engineer and surveyor who had prepared a plan based upon his survey of a tract which included the lot where the alleged trespass occurred, as well as neighboring lots. The plan, which showed various landmarks upon the ground, was received in evidence. The witness testified that he had examined the records at the registry of deeds, but was unable to determine whether the cut over lot or the adjoining lot on the south was the Charles Cloutman lot. He was then asked if he could determine from his survey and examination of records whether the land which lay south of the more southerly lot was the Belinsky property. His answer that in his opinion it was, was excluded subject to the defendant's exception.

There was no error in the ruling. The Court's remark that "the Court is probably as well qualified to pass upon these various deeds as the witness" indicated a proper ground of exclusion, under the familiar rule that the admissibility of opinion evidence depends

upon the discretionary finding of the Presiding Justice as to whether the evidence will probably aid the trier of the facts. *Dowling* v. *Shattuck*, 91 N. H. 234, 236. See *Ricker* v. *Mathews*, 94 N. H. 313, 317.

The defendant excepted to proof that the defendant paid $175 for the conveyance of the fifty acre lot which he acquired from Sevigny and Nixon, and moved to strike out testimony by a witness for the plaintiff that the going price "on cut over land" in Grafton County is two to four dollars an acre. The motion was denied subject to exception. No error is apparent in these rulings. The price paid had some bearing upon the question of which of the two lots in dispute the parties considered to be described by the deed. *Cf. Weed* v. *Woods*, 71 N. H. 581, 583. The question of the qualifications of the witness who testified to value was for the Trial Court. His concession that the presence of "mineral value" might change the price of land, if of any effect, could go merely to the weight of his testimony.

Since there was no error in the rulings of the Court, the order is

*Judgment on the verdict.*

All concurred.